**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

MICHAEL EDWARD ALLEN and                                PLAINTIFFS
MARJORIE LECLAIR

v.                                   4:13CV00068-BSM-JJV

ESTER BASS, Circuit Clerk
Van Buren County; *et al.*                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.    BACKGROUND

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, while Mr. Allen was a detainee in the Van Buren County Detention Center.  Mr. Allen alleges that the Defendants failed to properly deduct monthly payments he made to Van Buren County Circuit Court towards a fine.  He sues Defendants in their official and personal capacities, and seeks proper credit for fine payments and punitive damages for lost wages.  After careful review, this Court recommends the Complaint (Doc. No. 1) be DISMISSED for the reasons set forth below.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *See id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

## III.   ANALYSIS

Title 42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Title 42 U.S.C. § 1983.  To state a claim for relief in an action brought under § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011).

Defendant Ester Bass is the Van Buren County Circuit Court Clerk.  Defendants Annette Bonds, Judy Clay, and Debbie Gray are Van Buren County court clerks.  Plaintiffs assert that Defendants have failed to properly deduct monthly payments which Mr. Allen made towards a fine.  Because of this failure, he was arrested, missed work and lost wages. He sues the Defendants in both their individual and official capacities.  He seeks to have his previous payments applied towards the balance of his fine and punitive damages for lost wages.

### A.   DUE PROCESS

The Due Process Clause of the Fourteenth Amendment protects an individual's life, liberty, and property interests.  *See McIntyre Mach., Ltd. v. Nicastro*, __ U.S. __, 131 S.Ct. 2780, 2786 (2011); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Under the Due Process

Clause a person is entitled to procedural due process when a protected property interest is at stake. *Schueller v. Goddard*, 631 F.3d 460, 462 (8th Cir. 2011). But the deprivation of property by a state employee will not constitute a violation of procedural due process and is not actionable under § 1983 if meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Zar v. South Dakota Bd. of Examiners of Psychologists*, 976 F.2d 459, 465 (8th Cir. 1992). The State of Arkansas provides Plaintiffs with such a remedy through a properly filed petition for *writ of mandamus*. ARK. CODE ANN. § 16-115-101(1). Plaintiffs' claim to have his previous payments applied toward the balance of his fine should, thus, be DISMISSED.

### B.      MONETARY CLAIMS

Plaintiffs' claims for punitive damages are subject to dismissal because they seek monetary relief from defendants who are immune from such relief. Clerks of court, acting within the scope of their duties, "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). Plaintiffs seek relief from defendants who were acting within the scope of their duties and are immune from such relief. *See* 28 U.S.C. §1915A(b)(2); 28 U.S.C. § 1915(e)(2)(B)(iii). All claims for punitive damages should be DISMISSED.

### C.      OFFICIAL CAPACITY

Furthermore, Plaintiffs have sued the Defendants in both their official and individual

capacities. Plaintiffs' claims against the Defendants in their official capacities are treated as a suit against Van Buren County. *See Brockington v. City of Sherwood, Ark.*, 503 F.3d 667, 676 (8th Cir. 2007). A municipality may be liable under § 1983 for the unconstitutional acts of its employees if some custom or policy of the municipality was the moving force behind the constitutional violation. *Wilson v. Spain*, 209 F.3d 713, 717 (8th Cir. 2000). Upon careful consideration of Plaintiffs' Complaint, the Court finds that Plaintiffs have failed to plead any facts tending to suggest that a custom or policy of the county was the moving force behind the alleged violation of their constitutional rights. Plaintiffs' claims against the Defendants in their official capacities should also be DISMISSED.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiffs' Complaint (Doc. No. 1) should be DISMISSED without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b), because it fails to state a claim upon which relief may be granted and seeks monetary relief from defendants who are immune from such relief.

2.     Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g)[1].

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment would not be taken in good faith.

DATED this <u>26th</u> day of March, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

as a habeas claim, should count as a strike within the meaning of Section 1915(g).